IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SCOTTIE D. DANIELS                                                                                    PLAINTIFF

    v.                              Civil No.  14-5173

NORTHWEST MEDICAL CENTER,
Bentonville, Arkansas                                                                              DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil action filed by the Plaintiff under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. At the time he filed this action, Plaintiff was incarcerated in the Benton County Detention Center (BCDC). The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. 28 U.S.C. § 1915A.

### 1. Background

Plaintiff has sued the Northwest Medical Center located in Bentonville, Arkansas. Plaintiff states he broke his ankle and the Hospital refused to help him because he had no insurance or Medicaid. Plaintiff states the Hospital sent him to an ankle specialist. However, because the specialist wanted $2,000 for an office visit, Plaintiff was not seen. Plaintiff seeks an award of compensatory damages against the Hospital.

### 2. Discussion

Federal courts are courts of limited jurisdiction. See e.g., Godfrey v. Pulitzer Publishing Co., 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only

exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp., 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998)(quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)) (alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte*. Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006).

No diversity of citizenship exists. Both the Plaintiff and the Defendant are citizens of Arkansas.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

The Hospital is a private medical facility. In Montano v. Hedgepeth, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983. Specifically, the court said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982).  Resolving this question entails a journey down a particularly fact-bound path, *see id*. at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way.  To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id*. at 937, 102 S. Ct. at 2753.  Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor.  This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id*.; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir.1987) (repeating two part test).

Montano, 120 F.3d at 848.

In this case, Plaintiff has alleged only that he was seen at the Hospital and referred to a specialist.  There is no allegation that it was, or any of its staff were, working pursuant to a contract with the BCDC.  Applying the functional approach adopted by the Eighth Circuit in Montano, the Court believes that treatment rendered at a private facility not associated with the BCDC is not attributable to the state and does not satisfy the "under color of state law " requirement of § 1983.  See e.g., Wittner v. Banner Health, 720 F.3d 770, 777 (10th Cir. 2013)(Physician and nurse at private medical center were not state actors); Koulkina v. City of New York, 559 F. Supp. 2d 300, 320 (S.D.N.Y. 2008)(private physician not state actor when he merely provided treatment in accordance with his professional medical judgment and was not under a state contract).

The only other possible basis for jurisdiction is the Emergency Medical Treatment and Active Labor Act (EMTALA).  This statute "sets forth the examination and treatment

requirements for hospitals when dealing with patients with emergency medical conditions."

Hunt ex re. Hunt v. Lincoln County Memorial Hosp., 317 F.3d 891, 893 (8th Cir. 2003).

Specifically:

> In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition (within the meaning of subsection (e)(1) of this section) exists. 42 U.S.C. § 1395dd(a) (emphasis added). This statute does not "create[ ] a general federal cause of action for medical malpractice in emergency rooms." *Summers v. Baptist Med. Ctr. Arkadelphia*, 91 F.3d 1132, 1137 (8th Cir.1996). "[The EMTALA] is not a substitute for state-law malpractice actions. It does not guarantee proper diagnosis or provide a federal remedy for medical negligence." Id. (construing *Vickers v. Nash Gen. Hosp., Inc.*, 78 F.3d 139 (4th Cir.1996)). Rather, the EMTALA focuses on uniform treatment of patients presented in hospital emergency departments. An inappropriate screening examination is one that has a disparate impact on the plaintiff. Patients are entitled under EMTALA, not to correct or non-negligent treatment in all circumstances, but to be treated as other similarly situated patients are treated, within the hospital's capabilities.

Hunt, 317 F.3d at 893-94.

If the Plaintiff intends to bring a claim under the EMTALA he should be directed to file an amended complaint asserting such a claim. In the complaint, Plaintiff should allege: (1) when he injured his ankle; (2) the date he sought treatment at the hospital; (3) whether he was examined and treated; and (4) how the treatment given to him was different from the treatment provided other similarly situated patients.

### 3. Conclusion

For the reasons stated, I recommend that any civil rights claim asserted pursuant to 42 U.S.C. § 1983 be dismissed for failure to state a claim. However, Plaintiff should be afforded an opportunity to file an amended complaint under the EMALTA.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of March 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)